Reese, J.
delivered the opinion of the court.
"this is an action of ejectment commenced in the name of William Thrift Hughlett, as lessor of the plaintiff, with notice to John W- Huddleston, as tenant in posséssion. There was no writ issued and served under the provisions of the act of 1801, ch. 2, nor any proof, by the return of the sheriff or otherwise, that the declaration and notice by reading, or the delivery of a copy, háá been served upon the tenant in possession. At the same term, however, á writ of trespass on the case, in the name of Mary Hughlett against John W. Huddleston, had been executed and returned. John W. Huddleston did not enter into the common rule to confess lease, entry and ouster, and by leave of the court cause him *65 self ’to be entered defendant in the room of the cásual ejéctor; but the following entry appeals of récord, to wit: “Mary Hughlett vs. John W. Huddleston. Ejectment. Thede-fendant, by his attorney, comes and moves the court to dismiss this cause, because he says that the lessor of the plaintiff, William Thrift Hughlett, mentioned in the declaration, was dead before the commencement of this suit, which is not denied by the parties.” This motion was refused, and on the motion of Mary Hughlett, by attorney, the name Of William Thrift Hughlett was stricken out of the declaration and that of Mary Hughlett inserted, and the writ of trespass on the case in her name was changed to trespass with force and arms in ejectment; and a judgment by default was subsequently taken in the action of éjectment against John W. Huddleston, the tenant in possession, who prosecutes this Writ of error. The case in the 6th volume of Yerger’s Rep-. 467, has determined that where a writ of ejectment under the provisions of the act of 1801, ch. 2, against the tenant id possession has been returned by the sheriff “executed,” such return constitutes no evidence of the service of the declara-ration in ejectment, and proof of such service, by the return of the sheriff or otherwise, is ás material where the .writ issues under the provisions of the áct of 1801 as where ñó such writ issues. Thé only quéstion, therefore, in the case before us is, whether the entry from the record, above quoted, constitutes such an appearance as will make unnecessary the return of the sheriff, or other proof shewing the service upon the tenant in possession of the declaration, and aá will justify ánd maintain the judgment by default rendered id this case. The entry in question, “Mary Hughlett vs. John W. Huddleston. The defendant, by attorney, comes,” &c., is subject to two observations. 1st. There was no such suit; the suit, as shown by the declaration as well as the subsequent part of the entry, being in the name of William Thrift Hughlett, as lessor. 2d. The tenant in possession not having entered into the common mle, and until then having no legal right to appear by attorney or otherwise/the terms of the entry, “the defendant, by attorney, comes,” &c.,.do not import that the actual but the casual ejector so came, &c.
*66 But waiving these considerations, and taking it for grant-e(j ^ recor¿ sfiows that the tenant in possession made the motion in question and in the proper suit, we are of opin-jon that as the tenant in possession does not become defendant in the action except by entering into the common rule; so that is the only mode by which he can be said to enter his appearance. If, without doing so, he makes a motion in the cause which he has no right to do, the effect of such irregular presence and action in the case will not be to give him the advantage of being considered a party to the suit, nor will it exempt the lessor of the plaintiff from the necessity of showing the regular service of process in order to obtain a judgment by default and possession of the premises sued for.
The judgment below will -therefore be reversed, and judgment be rendered for the plaintiff in error.